UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAURA MICHELLE LA PAZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-841** |
| **NEW ORLEANS POLICE DEPARTMENT, ET AL.** | **SECTION "B" (3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Laura Michelle La Paz, filed this *pro se* and *in forma pauperis* civil action against the New Orleans Police Department, Warren Reilly, Lucinda Barnes, and Jennifer Greer. The New Orleans Police Department has now filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] For the following reasons, the undersigned recommends that the motion to dismiss be granted, the claims against the New Orleans Police Department be dismissed for failure to state a claim upon which relief can be granted, and the claims against the remaining defendants be dismissed for failure to prosecute.

### Rule 12(b)(6)

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007)

---

[1] Rec. Doc. 12.

(quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) allows defendants to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In light of recent United States Supreme Court jurisprudence, the United States Fifth Circuit Court of Appeals has noted:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is *plausible on its face*.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (emphasis added) (citation, footnote, and quotation marks omitted), cert. denied, 128 S.Ct. 1230 and 1231 (2008).

The New Orleans Police Department argues that the claims against it must be dismissed because the Department is not a legal entity capable of being sued.  The Department is correct.  Atkinson v. NOPD, Civil Action No. 06-5820, 2007 WL 2137793, at *1 (July 23, 2007); Banks v. United States, Civil Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Manley v. State of Louisiana, Civil Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001); see also Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 909 (E.D. La. 2001); Norwood v. City of Hammond, Civil Action No. 99-879, 1999 WL 777713, at *3 (E.D. La. Sept. 30, 1999); Creppel v. Miller, Civil Action No. 92-2531, 1993 WL 21408, at *1 (E.D. La. Jan. 22, 1993).  Accordingly, the Department's motion should be granted.

### Rule 41(b)

The undersigned further recommends that plaintiff's claims against the remaining defendants be dismissed for failure to prosecute.  The authority of a federal trial court to dismiss a plaintiff's claims for failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v.

Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). Further, Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

In the complaint, plaintiff declared: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2] Despite that acknowledgment, plaintiff has failed keep the Court apprised of her current address. As a result, more than thirty days ago, mail sent to plaintiff at her address of record within the Orleans Parish Prison system was returned as undeliverable because she had "[r]olled out."[3] Due to plaintiff's failure to file a change of address with the Court upon her release, her current whereabouts are unknown.

---

[2] Rec. Doc. 1, p. 6.

[3] Rec. Doc. 15.

Because plaintiff is proceeding *pro se*, the Court need only consider her conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff has failed to provide this Court with her current address despite her written acknowledgment of the fact that a failure to do so could result in dismissal of this lawsuit. Due solely to plaintiff's actions, this Court has no way to contact her or to advance her case on the docket.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by the New Orleans Police Department be **GRANTED** and that plaintiff's claims against that defendant be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Warren Reilly, Lucinda Barnes, and Jennifer Greer be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of April, 2008.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**